UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. C.G.,<br><br>Petitioner,<br><br>v.<br><br>Warden, Golden State Annex, et al.,<br><br>Respondents. | No. 1:26-cv-08022-DJC-CKD<br><br><u>RELEASE ORDER</u><br><br>A#: 246-934-658 |

Petitioner D. C.G.[1] is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner entered the United States around March of 2022. (Pet. (ECF No. 1) at ¶¶ 31–32, 42.) On September 18, 2026, Petitioner was getting into his vehicle outside his home in

[1] Petitioner requests to proceed under a pseudonym. (ECF No. 3.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in his petition. (*See* ECF No. 3.) Petitioner's identity is known to Respondents; thus, the prejudice to Respondents appears to be minimal. (*Id.* at 4.) Petitioner's request is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a pseudonym for his name. Accordingly, the Court finds good cause to grant Petitioner's request.

California when he was approached by immigration enforcement agents who informed him that they were looking for a specific individual. (*Id.* ¶¶ 34–35.) Despite receiving confirmation that Petitioner was not the individual they were looking for, the agents then asked Petitioner for documents proving that Petitioner had lawful status in the United States. (*Id.* ¶ 37). Petitioner stated that he had no such documents. (*Id.*) Agents proceeded to arrest Petitioner and informed him that they were arresting him because he did not have proof of lawful status. (*Id.*¶ 38.) Petitioner does not have any criminal record apart from civil immigration charges and was not in removal proceedings prior to his detention. (*Id.* ¶ 32; Opp'n, Ex. 3 (ECF No. 7-3).)

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and order Petitioner's release on this same basis. (ECF No. 6.) Respondents stated that "Respondent acknowledges that this case fits into the category of cases in which the Court has found that a noncitizen's previous release into the United States is more significant than the government's interest in detaining for removal proceedings and thus, ordered immediate release." (ECF No. 7.)

The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran,* No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025)*; E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the Third Claim for Relief.[2]

Respondents are ORDERED to immediately release Petitioner D. C.G. from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve the Golden State Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-DCG-1:26-cv-08022.merits